John ROE, et al.,

v.

TOWN OF WESTFORD, et al.

Civ. A. No. 85–1866–T.

United States District Court,
D. Massachusetts.

May 27, 1986.

Broude & Hochberg, Boston, Mass., Anne M. Vohl, Woburn, Mass., for plaintiffs.

Richard N. Sullivan, Kenney, Conley, Sullivan & Smith, Braintree, Mass., for defendants Kavanaugh, O'Brien, Culver, Bradanese, Murray, Timmons, Martinez, and Dwyer and for Town.

Cheryl L. Conner, Stephen S. Ostrach, Asst. Attys. Gen., Boston, Mass., for Dept. of Educ.

### FINAL ORDER ON MOTION TO OBTAIN A PROTECTIVE ORDER (# 56)

ROBERT B. COLLINGS, United States Magistrate.

The issue in this case is the extent to which parties may conduct discovery in civil actions brought pursuant to the Education For All Handicapped Children Act, 20 U.S.C. Sec. 1415(e)(2). The plaintiff is a thirteen year old student concededly entitled to educational services under the Act. The plaintiff's parents rejected the individualized education plan which the defendant Town of Westford formulated for the plaintiff for the 1984–5 academic year. Pursuant to 20 U.S.C. Sec. 1415(b)(2), an appeal was taken by the parents to the Bureau of Special Education Appeals of the Massachusetts Department of Education. After a hearing, the presiding hearing officer up-

held the appropriateness of the Town's individualized education plan. Being aggrieved by the hearing officer's decision, the parents instituted this civil action pursuant to 20 U.S.C. Sec. 1415(e)(2), which provides, in pertinent part, that aggrieved parties:

... have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy. In any action brought under this paragraph the court shall receive the record of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on a preponderance of the evidence, shall grant such relief as the court determines is appropriate.

The First Circuit Court of Appeals has construed the term "additional evidence" as used in this statute to mean "supplemental" evidence. The Court went on to say:

Thus construed, this clause does not authorize witnesses at trial to repeat or embellish their prior administrative hearing testimony; this would be entirely inconsistent with the usual meaning of "additional."

\*     \*     \*     \*     \*     \*

... the Act contemplates that the source of the evidence generally will be the administrative hearing record, with some supplementation at trial. The reasons for supplementation will vary; they may include gaps in the administrative transcript owing to mechanical failure, unavailability of a witness, an improper exclusion of evidence by the administrative agency, and evidence concerning relevant events occurring subsequent to the administrative hearing. The starting point for determining what additional evidence should be received, however, is the record of the administrative proceeding.

*Town of Burlington v. Dept. of Education, Comm. of Massachusetts,* 736 F.2d 773, 790 (1 Cir., 1984), *aff'd* 471 U.S. 359, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985).

There is no fixed rule barring testimony by persons who testified at the administrative hearing. But such testimony must be "supplemental" and not solely for the purpose of impeaching the witness's credibility. "An administrative hearing witness is rebuttably presumed to be foreclosed from testifying at trial. A motion may then be made to allow such a witness to testify within specified limits stating the justification for the testimony." *Id.* at 791. The Court "... must be careful not to allow such [additional] evidence to change the character of the hearing from one of review to a trial *de novo.*" *Id.*

In ruling on motions for witnesses to testify, a court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness of one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources. *Id.*

It is my opinion that discovery in civil actions brought pursuant to 20 U.S.C. Sec. 1415(e)(2) should be limited to development of such additional evidence as could be permitted to be introduced at trial under the reasoning of the *Town of Burlington* case. This does not mean that a plaintiff, in order to conduct discovery, must show that the evidence which is sought to be discovery would be admissible at trial. Rule 26(b)(1), F.R.Civ.P. But a plaintiff must demonstrate that the evidence sought to be discovered is at least within the type of evidence which a Court has the discretion to admit at trial under the guidelines laid down in the *Town of Burlington* case.

Applying this standard, it is to be noted that the discovery which plaintiff seeks to take and which is the subject of the motion for a protective order is the deposition of Kevin Dwyer. Mr. Dwyer, who is the special education coordinator for the Town of Westford, was a witness at the administrative hearing. Pursuant to Rule 45(b), F.R. Civ.P., the witness is directed to bring the following documents to the deposition: (1) all Annual Program Plans for the Town of Westford for the years 1983–86, (2) all re-

ports of Federal Department of Education Audits of Westford Public Schools for the years 1980–86 inclusive, (3) all reports of Massachusetts Department of Education Audits of Westford Public Schools for the years 1980–86 inclusive, (4) resumes including certifications of staff who served student during 1980–84, (5) Individual Education Plans for all "502.2" students for grades six, seven and eight residing in the Town of Westford, for the years 1980 through 1986, (6) annual budgets for Westford Special Education for years 1980 through 1986, inclusive, (7) annual budgets for the Westford Public Schools for years 1980–86, (8) annual budgets for the Town of Westford for years 1980–86, (9) all correspondence to and from Regional Office of Massachusetts Department of Education regarding Special Education in Westford during the years 1980–84, (10) all agreements between Westford and any Special Education Collaboratives, (11) any documents pertaining to the consideration of agreements with collaboratives, (12) correspondence, records, logs and minutes of any Westford Special Education Advisory Committee meetings, and (13) all documents submitted to Westford by the Special Education Advisory Committee.

Since Mr. Dwyer was a witness at the administrative hearing, he is rebuttably presumed to be foreclosed from testifying at trial. The plaintiff has made no showing as to what evidence counsel will seek to discover from Mr. Dwyer at his deposition and no basis upon which the Court could find that such evidence is the type of "additional evidence" which the court, in its discretion, could permit to be introduced at trial under the guidelines set forth in the *Town of Burlington* case. Similarly, the categories of documents which Mr. Dwyer is directed to bring to the deposition are very broad. The plaintiff does not state whether these records were attempted to be admitted at the administrative hearing. If an attempt was made and the records were improperly excluded, then perhaps the plaintiff could present them as "additional evidence". *Town of Burlington, ante*, 736 F.2d at 790. If no attempt was made to introduce them at the administra-

tive hearing, allowing their admission as "additional evidence" would probably allow the plaintiff "to undercut the statutory role of administrative expertise" and involve a needless expenditure of judicial resources. *Id.* at 791.

In sum, the plaintiff has not demonstrated that any of the evidence which his counsel seeks to discover is the type of "additional evidence" which the trial court would have the discretion to admit at trial under the guidelines set forth in the *Town of Burlington* case. Accordingly, after hearing, it is ORDERED that the Motion To Obtain A Protective Order (# 56) be, and the same hereby is, ALLOWED and that, pursuant to Rule 26(c)(1), F.R.Civ.P., discovery in the form of the deposition of Kevin Dwyer and the production of documents by Kevin Dwyer not be had.